IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-69,443-01






EX PARTE HILLIARD EUGENE FIELDS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. W97-00917-T(A) IN THE 283rd DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of sexual assault of a child and sentenced to five years' imprisonment. No direct appeal was taken.

 The Court received this writ application on February 21, 2008. On March 8, 2008, this Court
dismissed this application for failing to comply with the appellate rules. The Court has determined
that the application was dismissed in error. After reconsideration on its own motion, the Court finds
that the application should have been considered on the merits. Accordingly, the Court withdraws
its prior order dismissing the application and considers the application on the merits.

 Applicant alleges that newly available evidence establishes that he is actually innocent of the
offense for which he was convicted, and his plea of guilty resulted from the ineffective assistance
of trial counsel.

 The trial court made findings of fact and conclusions of law that were based on its review of
the record and the witness testimony and argument received in a live evidentiary hearing. The trial
court found that the evidence presented in the habeas proceedings was known to Applicant at the
time of trial or could have discovered by the exercise of due diligence. The trial court concluded that
this evidence was not newly discovered evidence that unquestionably established Applicant's
innocence. The trial court also found that Applicant voluntarily waived his claim of ineffective
assistance of counsel at the writ hearing. The trial court recommended that relief be denied.

 Reviewing courts defer to the trial court's factual findings that are supported by the record. 
See Ex parte Wheeler, 203 S.W.3d 317 (Tex. Crim. App. 2006). Here, the trial court's findings rely
in part on testimony received during a writ hearing held on July 25, 2007. However, transcriptions
of any hearings that were held to resolve the merits of this application are not part of the current
habeas record. Therefore this application is remanded to the trial court.

 This application will be held in abeyance until the trial court has completed the record. A
supplemental transcript containing the transcription of the court reporter's notes from any hearings
or depositions shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court.



Filed: April 30, 2008

Do not publish